UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00201-CHL

MARTIN EDWARD M.[1],                                                  Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,                  Defendant.

### MEMORANDUM OPINION AND ORDER

      Before the Court is the complaint of Plaintiff Martin Edward M. (the "Claimant") seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner"). (DN 1.) On January 27, 2022, Claimant filed his fact and law summary, (DN 18), and on April 29, 2022, the Commissioner filed her fact and law summary in response. (DN 21.) The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 10.) Therefore, this matter is ripe for review.

**I.     BACKGROUND**

      On March 14, 2018, Claimant filed an application for Disability Insurance Benefits ("DIB"), and on April 17, 2018, his application was denied.[2] (R. at 7, 19.) Claimant did not request reconsideration or otherwise appeal that denial, rendering the denial the final decision of the Commissioner. (*Id.*) On November 7, 2019, Claimant again filed an application for DIB, alleging that he was disabled as of October 1, 2011 due to neck and arm problems and PTSD. (*Id.*

---

[1] Pursuant to General Order 22-05, the Plaintiff in this case is identified and referenced solely by first name and last initial.
[2] Documents related to the April 17, 2018 determination are not included in the administrative record filed in this action. However, Claimant expressly concedes the facts surrounding the previous determination as stated in the ALJ's decision in this case. (*See* DN 18, at PageID # 349.)

at 21, 50.) His application was denied initially on January 31, 2020, and on February 13, 2020, Claimant retained counsel to assist him with his claim. (*Id*. at 26, 61, 62.) On March 3, 2020, Claimant requested reconsideration of the initial denial, and on June 2, 2020, his application was denied on reconsideration. (R. at 7, 26, 50.) On June 7, 2020, Claimant requested a hearing on his application. (R. at 23.) On June 29, 2020, the Commissioner notified Claimant that his "request for hearing maybe subject to potential dismissal under the principle of *res judicata* (20 CFR 404.957(c)(1))." (R. at 19.) The Commissioner explained,

> A review of the file shows that the claimant previous filed for Disability Insurance Benefits on March 14, 2018 and that application was denied on April 17, 2018 and the denial was not appealed. The claimant has a date last insured for disability insurance purpose of December 31, 2016. Based on the above procedural history it initially appears that the current application for Disability Insurance Benefits filed on November 7, 2019 involves the same parties, the same facts, the same issues and the same timeframe and would be subject to the principle of *res judicata*.

(*Id.*) Consequently, Claimant was given an "opportunity to respond in writing arguing why the principle of *res judicata* does not or should not apply in this matter." (*Id.*)

In response, Claimant submitted 191 pages of VA medical records dated between 2012 and 2015. (*Id.* at 7–8, 69–259.) Claimant argues that these records constituted new evidence that would bar the application of *res judicata*.[3] (*Id.* at 8.) In a decision dated July 21, 2020, Administrative Law Judge Dwight D. Wilkerson (the "ALJ"), determined that "no new and material evidence was submitted and that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period." (*Id.* at 9–10.) The ALJ further noted that "the claimant's insured status expired prior to the previous determination," and therefore found that "[C]laimant's rights on the

---

[3] The submission in which this argument was made in not in the record, but the Parties do not dispute the ALJ's summary of the argument.

2

same facts and on the same issues are involved and the doctrine of *res judicata* applies." (*Id.* at 10.) Based on these findings, the ALJ dismissed Claimant's hearing request. (*Id.*)

On August 14, 2020, Claimant requested review by the Appeals Council, and on January 27, 2021, the Appeals Council denied his request. (*Id.* at 1–2, 16–17.) On March 31, 2021, Claimant timely filed this action. (DN 1.)

## II.    DISCUSSION

Claimant contends that the ALJ erred in relying on res judicata to deny Claimant's application without a hearing and that the ALJ did not have the constitutionally delegated authority to render a decision on Claimant's application. (DN 18-1, at PageID # 350.) The Court addresses these contentions below.

### A.   *Res Judicata*

Claimant challenges the ALJ's decision not to reopen the prior final determination, which he asserts "was not appealed due to mental incapacity." (DN 18-1, at PageID # 352.) As the Sixth Circuit recently explained,

> A decision by the SSA not to reopen a prior decision is unreviewable by the courts absent a colorable constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 107-08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Bogle v. Sullivan*, 998 F.2d 342, 346 (6th Cir. 1993). We have previously found that a colorable constitutional claim is established, and judicial review proper, when the claimant's mental capacity prevented him from understanding and pursuing further administrative remedies. *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981); *see also Anderson v. Comm'r of Social Security*, 195 F. App'x 366, 369 (6th Cir. 2006) (citation omitted). We have also reiterated SSR 91-5p's policy that the burden of proof rests on the claimant to demonstrate such incapacity. *Anderson*, 195 F. App'x at 369-70.

*Newhouse v. Comm'r of Soc. Sec.*, 771 F. App'x 602, 605 (6th Cir. 2019).

Claimant argues that the ALJ failed to properly consider evidence that he lacked the requisite "mental capacity to effectively pursue his claim." (DN 18-1, at PageID # 354.) For

3

example, Claimant asserts that the ALJ "did not address the fact that the records printed by the Veterans Administration on April 9, 2020, confirm Plaintiff's award of 100% service connected disability." (*Id.*) But Claimant does not explain how his service-related disability award is relevant to his mental capacity to pursue his DIB claim after it was denied in April 2018 nor why it is likely to have changed the outcome of the prior disability determination.  *C.f. Shoen v. Comm'r of Soc. Sec.*, No. 1:21-CV-763, 2022 WL 3152233, at *4 (W.D. Mich. Aug. 8, 2022); *Raymond R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-539, 2022 WL 1590817, at *3–4 (S.D. Ohio May 19, 2022) (noting that "the ALJ was not required to provide any analysis concerning plaintiff's disability rating from the VA"); *Gentry v. Saul*, No. 3:19-cv-778, 2020 WL 5100848, at *8–9 (M.D. Tenn. Aug. 10, 2020), *report and recommendation adopted*, 2020 WL 5096952 (Aug. 28, 2020) ("[The ALJ was not required to provide any analysis about how he considered the VA disability determination, which he found to be neither inherently valuable nor persuasive. Thus, Plaintiff's argument on this count fails."). If anything, Claimant's successful pursuit of service-related benefits undermines the contention that he lacked the capacity to understand the process to further pursue his prior DIB claim. *See Kelly v. Apfel*, 166 F.3d 1214 (6th Cir. 1998).  Claimant also complains that the ALJ "did not discuss whether the Plaintiff's traumatic brain injury with cognitive impairment prevented him from having the mental competency to effectively pursue his prior claim." (DN 18-1, at PageID # 254.) However, Claimant does not cite any authority that would require the ALJ to discuss all evidence concerning his capacity to pursue his prior claim. As the Sixth Circuit explained within this context, "the presence of substantial evidence in the record that would have supported an opposite conclusion is not equivalent to a finding that substantial evidence does not support the ALJ's findings." *Newhouse*, 771 F. App'x at 605 (internal citation and quotation marks omitted). Here, the ALJ found that "the deadline for

requesting review should not be extended under Social Security Ruling 91-5p because there is no suggestion that the claimant lacked the mental ability to comprehend the consequences of his decisions." (R. at 7.) In reviewing the new evidence submitted at the reconsideration stage, the ALJ explained:

> The counselor Diana Hernandez, other than noting a depressed mood, repeatedly found the claimant to be appropriately groomed and dressed, cooperative, with normal speech, congruent affect, no psychomotor abnormalities and with fair insight and judgment. Over the course of these visits, the counselor repeatedly assessed the claimant with low suicidal risk and made no change in the diagnosis of PTSD, depression and episodic alcohol abuse with a GAF score of 55-58 (Ex.191-page submission, p. 86-87, 91, 106, 112-113, 115, 118, 120-121, 125, 139-140). Counselor Hernandez's modest observations and assessments are not of the type that suggest broad disabling mental functional limitations.

(*Id.* at 9.)

Based on these facts, the Court finds that "a 'reasonable mind might accept the relevant evidence as adequate to support [the ALJ's] conclusion,', [and] the ALJ's conclusion that [Claimant] failed to meet his burden of proving mental incapacity is supported by substantial evidence, and thus no colorable constitutional claim exists." *Newhouse*, 771 F. App'x at 605 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Therefore, the Court finds no basis for remand.

### B. Separation of Powers Issue

Claimant argues that the Social Security Administration's structure is constitutionally invalid because it violates the President's authority to supervise and remove executive branch officials. (DN 18-1, at PageID # 356–66.) "The gist of the argument is that former-Commissioner Andrew Saul's appointment violated the principle of separation of powers because 42 U.S.C. § 902(a)(3) provides for a six-year term and makes the Commissioner removable only upon a finding

of neglect of duty or malfeasance in office." *Wybo v. Kijakazi*, No. CV 20-518-HRW, 2021 WL 6052423, at *3 (E.D. Ky. Dec. 21, 2021). Therefore, Plaintiff argues that the Commissioner had no authority to carry out any functions of his office and, by extension, the ALJ had no authority to adjudicate her claim. (DN 18-1, at PageID # 365.) In response, the Commissioner does not dispute that the removal provision under § 902(a)(3) is unconstitutional but argues that Claimant's constitutional challenge is not grounds for relief for two reasons. (DN 21, at PageID # 378–83.) First, the Commissioner argues that in order to obtain relief based on separation of powers grounds, Claimant must show that the removal provision caused him actual harm and that Claimant "cannot make that showing here." (*Id.* at 379–80.) For example, the Commissioner asserts that Claimant "cannot conceivably show how the President's supposed inability to remove the Commissioner without cause affected any ALJ's disability benefits decision, much less the decision on Plaintiff's specific claim . . . [or] that the President's supposed inability to remove the Commissioner without cause affected the Appeals Council's denial of review of his specific claim." (*Id.* at 380.) Second, the Commissioner argues that the separation of powers issue does not apply to Claimant's claim because "the presiding ALJ held office under an appointment ratified in July 2018 by then-Acting Commissioner Nancy Berryhill who, unlike a Presidentially appointed, Senate-confirmed Commissioner, enjoyed no statutory tenure protection in any event." (*Id.* at 379 n.2.) In rejecting the same argument by a claimant in a recent case, the Eastern District of Kentucky found,

> Even if the deciding ALJ had been appointed by a tenure-protected Commissioner, Plaintiff's argument fails. The recent United States Supreme Court decision in *Collins v. Yellen*, 141 S.Ct. 1761 (2021), established that a plaintiff seeking relief on this basis must present evidence of actual harm. Simply saying the ALJ was wrong is not enough. "[T]he unlawfulness of the removal provision does not strip the [Commissioner] of the power to undertake the other responsibilities of his office." *Collins*, 141 S. Ct. at 1788 n.23. As Justice Thomas's concurring opinion clarifies, Plaintiff must do more than point to a conflict between 42 U.S.C. § 902(a)(3) and the

6

>Constitution; she must show some action on the part of Saul that was unlawful and harmful to her. *See id.* at 1790-91 (Thomas, J., concurring). Yet, she has not argued or established how any action of Saul made it more or less likely that her applications would be denied. As such, remand is not warranted.

*Wybo*, 2021 WL 6052423, at *4.

The Court finds this rationale persuasive and notes that many other courts have likewise rejected this argument.[4] Claimant fails to establish a nexus between the unconstitutional removal provision and the Commissioner's decision to deny his application for benefits. Therefore, the Court finds no basis for remand.

### III.    ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record
September 12, 2022

---

[4] The Commissioner cites many of these cases in his brief, (DN 21, at PageID # 380 n.3); the Court need not restate those citations here. For a collection of such cases decided within the Sixth Circuit, see *Robert L. F. v. Comm'r of Soc. Sec.*, No. 2:21-CV-3981, 2022 WL 3584355, at *9 n.7 (S.D. Ohio Aug. 22, 2022).